FILED - USDC -NH
2023 JAN 20 AM 10:16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

OMAR STEPHENSON  )
    Petitioner )
 )
v  )  Case No.
 )
WARDEN, FCI BERLIN )
    Respondent )

### EMERGENCY MOTION FOR HABEAS CORPUS PER 28 U.S.C. § 2241

Omar Stepenson, pro-se, an inmate incarcerated with the Federal Bureau of Prisons at the Berlin Correctional Institute in Berlin, New Hampshire, submits this motion for habeas corpus per 28 U.S.C. § 2241 and states the following:

(1) Petitioner was sentence to a term of 57 months in the District Court for the District of Arizona. Case number CR-19-0917-JAS(LCK).

(2) Petitioner's projected release date is 7-28-2023 via GCT.

(3) Petitioner has earned a substantial amount of "First Step Act Time Credits" (FTCs) (18 U.S.C. § 3624(a)(4)) through "successful completion of evidence- based recidivism reduction programs and productive activities." Petitioner calculates that he has earned over 1 years worth of these FTC's.

(5) FTC's can be applied towards pre-release custody or supervised release per 18 U.S.C. § 3624(g).

(6) BOP claims petitioner is a deportable alien with a final order of removal. However, petitioner has never seen an immigration Judge. Furthermore, petitioner believes he does not have a legitimate ICE detainer.

(7) BOP claims prisoners are ineligible to apply for FTCs

under 18 U.S.C. § 3632(d)(4)(E) if they are "subject to a final order of removeal under any provision of the immigration laws." As the petitioner is not the subject of a final order of removal (because petitioner has never seen an immigrtation Judge), by the plain text of the statute, the petitioner qualifies for the application of his FTCs towards early transfer to supervised release.

(8) If the petitioner were able to apply his FTCs towards additional supervised release, he would have been realeased on or about July of 2022.

(9) The Federal Bureau Prisons is maliciously misreading 18 U.S.C. § 3632(d)(4)(E)(i), saying that deportable aliens "subject to a final order of removal" are not eligible to apply for FTCs towards early transfer to supervised release. Even worse, they claim that simply having an ICE detainer makes one ineligible.

(10) The petitioner has not exhausted administative remedies. Because the BOP is maliciously misinterpreting the clear text of the relevant statutes, as well as the clear congressional intent when they passed the First Step Act of 2018, the administrative remedy process is not "available" to the petitioner, and to attempt to exhaust his administrative remedies would be "futile". In particular, the time required to go through the BP-10 process (60 days with extension), and the BP-11 process (60 days with extension) would waste a significant amount of the petitioner's time before his projected release date with GCT. Thus, the petitioner is engaging the textual exception to exhausting his administrative remedies available in the Prison Litigation Reform Act of 1995, that he exhaust those remedies that "are available".

(11) The petitioner also ask that this court expedite this motion on the same basis, that the petitioner's projected release date with GCT does not allow the normal §2241 process to move forward at its normal pace. In particular, the petitioner ask that this court immediately order the government to respond to this motion in one week, and allow the petitioner one week to reply to the government's response. The petitioner ask that no motion for

extension be granted. The text of 18 U.S.C. § 3632(d)(4)(E) is quite clear, and it is also clear that the BOP is maliciously misquoting it. It should not take the government long to respond, nor this court to rule.

(12) A § 2241 is the correct and only vehicle for which the petitioner may obtain relief on this issue.

Petitioner ask that this court take notice that, the Central District of California granted a 2241 petition in Dylan Jones v Warden, J. Engleman, 2022 U.S. Dist.LEXIS 185029 (C.D.Cal.Oct. 7, 2022). The Magistrate found that Jones filed a 2241 when he was denied FSA time credit due to a Missouri State detainer. Jones v Engleman, 2022 U.S. Dist.LEXIS 185635 (C.D.Cal. Sept. 7, 2022). The government argued that it is expected the new BOP Programs Statement will "specify that prisoners with pending charges or detainers cannot apply their FTCs until resolution of the charges or detainers. The Court found the statute does not preclude inmates from receiving FSA credits based on detainers and the BOP has exceeded its authority. That is the same exact situation here, there is nothing in the FSA that prohibits those with ICE detainers from applying their FTCs towards early supervised release, (which the government has conceded). See Dylan v Engleman.

Also, the Eastern District of New York granted FSA earned time credits in Virginia Lallave v. Martinez, 2022 U.S. Dist.LEXIS 187618 (E.D.N.Y. Oct. 13, 2022). Lallave filed a 2241 while on CARES ACT home confinement. The Court held the BOP has no authority to deprive Lallave of FSA credits where she was not convicted of "death or serious bodily injury" under the enhancement portion of 841(b)(1)(C).

## CONCLUSION

Therefore, for the foregoing reasons, the petitioner respectfully request that his emergency motion for habeas corpus under 28 U.S.C. § 2241 be granted. Additionally, the petitioner ask that this court order the government to respond to this petition in one week, allow the petitioner to reply to the government's response, and not grant any motions for extension. Finally the petitioner ask that, when this case is fully argued, this court expedite its decision as well.

Respectfully submitted

*O. Stephenson*
Omar Stephenson
Reg.# 72317-019
BERLIN FCI
P.O. Box 9000
Berlin, NH 03570

Dated: January 17, 2023

Omar Steph... Case 1:23-cv-00084-AJ Document 1 Filed 01/20/23 Page 5 of 6
Federal Correctional Institution
Berlin
PO Box 9000
Berlin, NH 03570

**CERTIFIED MAIL**

7013 2630 0000 0419 0075

U.S. POSTAGE PAID
FCM LETTER
BERLIN, NH

Federal clerk
U.S. District Court for the
District of New Hampshire
55 pleasant St.
Concord, NH 03301

03301-394135

